# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**ROLANDO FIGUEROA,**

    Petitioner,

v.                                        Case No. 3:21cv939-MCR/MAF

**UNITED STATES OF AMERICA,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION

On or about July 30, 2021, Petitioner Rolando Figueroa, a federal inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. In an order filed August 9, 2021, this Court directed Petitioner to either pay the $5.00 filing fee or, alternatively, file a motion to proceed in forma pauperis (IFP) on or before September 8, 2021. ECF No. 3. That order also directed Petitioner to file an amended § 2241 petition on the proper form, as explained in the order, on or before September 8, 2021. *Id.* Petitioner filed nothing in response to that order. Accordingly, on October 14, 2021, this Court entered a Report and Recommendation to dismiss the case without prejudice for failure to comply with the Court's order. ECF No. 4.

On November 5, 2021, Petitioner paid the filing fee. ECF No. 5. Petitioner still had not, however, submitted the amended § 2241 petition, on the proper form, as explained in the order of August 9, 2021.

Nevertheless, given Petitioner's payment of the filing fee, in an order filed November 8, 2021, this Court vacated the Report and Recommendation entered October 14, 2021, and allowed Petitioner a final opportunity to file an amended § 2241 petition on the proper form. ECF No. 6; *see* Rule 2(d), R. Gov. § 2254 Cases in U.S. Dist. Cts.; N.D. Fla. Loc. R. 5.7(A) (providing that "[a] party not represented by an attorney must file any of these only on a form available without charge from the Clerk or on the District's website: a petition for a writ of habeas corpus, a motion for relief under 28 U.S.C. § 2255, or a complaint in a civil rights case" and "[t]he Court need not – and ordinarily will not – consider a petition, motion, or complaint that is not filed on the proper form"), 5.7(C) ("The Rules Governing Section 2254 Cases in the United States District Courts, as adopted by the Supreme Court, apply to all habeas corpus petitions in this District whether or not filed under section 2254."). The Court provided directions to Petitioner, as well as the appropriate forms, and allowed Petitioner until December 8, 2021, to file an amended § 2241 petition. ECF No. 6 at 3.

Petitioner was specifically warned that a recommendation would be made that this case be dismissed if Petitioner failed to comply with the order. ECF No. 6 at 3. To date, Petitioner has not complied with the Court's order.

A trial court has inherent power to dismiss a case sua sponte for failure to prosecute. <u>Link v. Wabash R.R.</u>, 370 U.S. 626 (1962). Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to obey a court order. <u>Moon v. Newsome</u>, 863 F.2d 835, 838 (11th Cir. 1989). Because Petitioner did not comply with an order, this petition should be dismissed without prejudice.

Petitioner shall have a 14-day period after service of this Report and Recommendation in which to file objections. This will also afford Petitioner a final opportunity to show good cause for the failure to respond to the Court's order. Petitioner may do so by filing a motion for reconsideration which will be referred to me by the Clerk.

It is therefore, respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice.**

**IN CHAMBERS** at Tallahassee, Florida, on March 3, 2022.

<u>S/ Martin A. Fitzpatrick</u>
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.